UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cr-20698-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

AIMAN ARYAN et al.,

    Defendants.
_____ /

## ORDER ON DEMAND FOR SPEEDY TRIAL

THIS MATTER is before the Court on the Demand for Speedy Trial [ECF No. 380], filed by Defendant Aiman Aryan. For the reasons that follow, the Court will not set an earlier trial date for Defendant Aryan.

## Background

On November 17, 2011, Defendant Aryan, through prior counsel, filed an Unopposed Motion to Continue Trial [ECF No. 244] which was then set for December 5, 2011. The Defendant sought a postponement of the trial date in this "complex, multi-year conspiracy [case] involving 24 defendants." In the motion, the Defendant represented to the Court that the following reasons necessitated a continuance:

> The majority of the factors set forth in 18 U.S.C. § 3161(h)(7)(B) support the continuance of trial:
>
> > a. First, the failure to grant a continuance would make going forward with trial virtually impossible and would "result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). As noted above, defense counsel has only limited access to discovery material. At this time, only two and a half weeks prior to trial, the government is not able to estimate when the bulk of the discovery will become available. Without access to this information, defense counsel is unable to formulate pretrial motions or even begin to prepare their defense. Furthermore, Mr. Aryan's detention has made preparation for trial difficult, and counsel's dedication of time and effort to seek his release have further detracted from the resources available to develop his defense. Going forward with the

> December 5 trial date would not permit defense counsel to prepare a thorough defense on Mr. Aryan's behalf.
>
> b. Second, the large number of defendants and the complexity of the scheme alleged in this case make it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the [established] time limits." 18 U.S.C. § 3161(h)(7)(B)(ii) (listing the number of defendants, nature of the prosecution, and novel questions of fact or law as appropriate considerations in determining the complexity of the case). Twenty-four defendants are charged in the indictment. As explained above, some defendants have been arraigned only within the past 3 days, and one has not yet been arraigned. The indictment alleges a complicated scheme to defraud Medicare, Medicaid and private insurance companies. The number of defendants and nature of the prosecution, fraud, mean that the document discovery in this case is extensive. As noted above, the government has indicated their evidence includes "many bankers boxes" of documents. Much of this discovery has not yet been reviewed by the government, and the government is not able to estimate when it will be made available to the defendants. Trial, as currently scheduled, is now only eighteen days away. Even were defense counsel to receive the government's discovery today, there would not be adequate time to review it all, file any appropriate pretrial motions, and then prepare for trial. There will undoubtedly be insufficient time to prepare once defense counsel receives the discovery and trial preparation can actually begin.
>
> c. Finally, even if this case were not "so unusual and so complex" to fit within Section 3161(h)(7)(B)(ii), proceeding with the December 5, 2011 trial date would "unreasonably deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). For the reasons already given, the time between now and December 5 is simply not enough to adequately prepare to try this complex, document-intensive case.

*See* Aryan Mot. to Cont. ¶ 4 (footnote and docket reference omitted). Several codefendants, and the Government, also sought a continuance of the trial date in this matter. *See* Mots. to Cont. [ECF Nos. 251, 255, 260, 263, 265, 272, 279, 284, 309, 311, 314].

Therefore, on December 1, 2011, the predecessor trial judge entered an order [ECF No. 321] granting the motions to continue and transferring the case to the undersigned. Upon transfer, this Court held a status conference in order to set a reasonable trial date for all defendants. The parties, ***including Defendant Aryan***, agreed that trial would be held beginning

on April 2, 2012. Accordingly, on December 15, 2011, this Court entered an order [ECF No. 352] continuing the trial to that date. In the order, the Court found that, pursuant to the factors set forth in 18 U.S.C. § 3161(h)(8)(B)(i) and (iv), "the ends of justice" will be served by the continuance and that such action "outweighs the best interest of the public and defendants to a speedy trial."

Subsequent to the Court entering the order setting the agreed upon trial date, Defendant Aryan sought to obtain a substitution of counsel [ECF No. 360], to allow David O. Markus, Esq. to substitute as his counsel. Markus was on notice that the trial in this case had already been set for April 2, 2012 when he entered the case as evidenced by his immediate filing of a motion to sever and motion for earlier trial date [ECF No. 361], in which he claimed he was not available to try the case on April 2, 2012 because he was already scheduled to appear in a specially set trial before another district judge. Thus, when Markus filed his motion for substitution, the Court would have been well within its rights to deny the motion for substitution based upon Markus's unavailability for the trial date in this case – which had been set only after the Court consulted with the Government and all twenty-four codefendants to make sure everyone was available.

The Court has received a large number of lengthy, multiple codefendant criminal cases from other judges, most of which were ripe for disposition or trial. The Court set status conferences in each of the cases and set trial dates in all the cases serially to make sure each case had a realistic trial date and to make sure each attorney was available for the trial dates. In light of the multiple legal authorities discussed below which provide that the Speedy Trial Act does not create any additional grounds for severances in multiple defendant cases, there is no reasonable possibility that Markus entered this case expecting the Court to sever his client, who is the main defendant in this twenty-four codefendant trial, and to provide him with an earlier trial date – particularly when just a few days earlier the Defendant's prior attorney had sought and received a continuance of the trial to April 2, 2012.

Even knowing that Markus may not be available for the trial date that had been set, the Court granted [ECF No. 363] the motion for substitution of counsel and agreed to allow Markus into the case. The Court did so in order to allow the Defendant the opportunity to have the attorney of his choice and also to allow Markus the opportunity to be retained by the Defendant. The Court was prepared to consider a continuance of the trial if Markus actually ended up being

unavailable for the trial date in April 2012. Instead, the Defendant has now filed the instant Demand for Speedy Trial [ECF No. 380] requesting, yet again, an earlier trial date.

## Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), provides that any period of delay resulting from a continuance granted on the basis of the trial court's finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" shall be excluded in computing the time within which a trial must commence. In addition, section 3161(h)(7) permits reasonable delays caused by one codefendant in a joint trial to be attributed to all other codefendants. *See United States v. Davenport*, 935 F.2d 1223, 1236 (11th Cir. 1991); *see also United States v. Doe*, 216 F. App'x 874, 878 (11th Cir. 2005) (time excluded for speedy trial in multi-defendant case due to one defendant results in excludable days for all codefendants); *United States v. Westbrook*, 119 F.3d 1176, 1187 (5th Cir. 1997) (codefendant's motion for continuance is imputed to defendant for purposes of speedy trial computations; there was no speedy trial violation where defendant "requested, accepted, and benefitted from the five-month delay occasioned by the [codefendant's] continuance").

Additionally, in enacting the Speedy Trial Act, Congress found that the utility and efficiency of multi-defendant trials outweigh the desirability of severance to meet the speedy trial time requirement. *See Davenport*, 935 F.2d at 1236.

## Legal Findings and Conclusions

The Court will not accelerate the trial date for Markus or Defendant Aryan. First, there is no issue as to speedy trial here. The Defendant Aryan, in conjunction with several codefendants, previously sought and obtained a continuance of the trial in part to allow all defendants adequate time to deal with discovery and to prepare their defense in this complex, multi-defendant case. In this regard, the Court finds instructive the reasoning of *United States v. Larson*, 417 F.3d 741 (7th Cir. 2005). There, the court of appeals rejected a speedy trial complaint because the defendant himself had occasioned the delay by seeking and obtaining a continuance. The court noted that:

> [The Defendant] is hardly in a position to complain about the delay because he was the one who asked for it. . . . As we noted in a similar situation, "it is unfair of [the defendant] to ask that the trial be delayed to suit her, implicitly agree to the government's request that time be excluded because of her request, and then try to sandbag the government by insisting that the time be counted against the speedy trial clock." It also warrants mentioning that the purpose of the Speedy Trial Act

> is to protect the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice. The Act was certainly not meant to hamstring a defendant by pushing him into trial unprepared, which "skews the fairness of the entire system," or to permit opportunistic behavior by defendants who request continuances for their benefit and then seek to have the accompanying delay count against the 70-day limit.

*See id.* at 746 (citations omitted). This Court agrees. The Defendant, through his counsel, cannot have it both ways. Having asked for and received a continuance to a date agreed upon by all parties, the Defendant cannot now complain that he should be tried sooner. *See United States v. Henry*, 698 F.2d 1172, 1173-74 (11th Cir. 1983) (no speedy trial violation resulting from continuances granted on defendant's motions, where the continuances were given to permit defense counsel adequate time to prepare for trial); *see also United States v. Lamb*, 214 F. App'x 908, 914-15 (11th Cir. 2007) (no speedy trial problem where much of the delay resulted from continuances granted at defendant's request); *Beard v. Sec'y for Dep't of Corrections*, 161 F. App'x 824, 827 (11th Cir. 2005) (no speedy trial problem where defense counsel sought multiple continuances to prepare for trial and due to trial conflicts, and where part of delay was result of court's busy schedule).

Further, even though Markus has represented [ECF No. 361] that he will be ready for trial as early as February, this same Defendant and his codefendants requested a continuance and agreed to an April trial setting. Defendant Aryan is bound by his and his codefendant's actions for speedy trial purposes in these circumstances. *See Davenport*, 935 F.2d at 1236; *Westbrook*, 119 F.3d at 1187; *Larson*, 417 F.3d 746. Consequently, there is no merit to Markus's request that Defendant Aryan be given an earlier trial date.

Trial is now set for April 2, 2012 and it will remain set for that date. Now that the Court is aware of this Defendant's insistence that he receive a speedy trial, the Court will not consider any requests for a continuance of the trial.

**DONE and ORDERED** in Chambers at Miami, Florida on January 9, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Designated U.S. Magistrate
All Counsel of Record