**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 11-20698-CR-SCOLA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANCISCO HERNANDEZ, et al.,

    Defendants.
_____/

## ORDER ON MOTION TO SEVER DEFENDANT

THIS MATTER is before the Court on the Motion to Sever [ECF No. 441], filed by Defendant Francisco Hernandez. Upon careful consideration of the Defendant's arguments, and the Government's Response, and for reasons more fully set forth below, this Motion is denied.

Defendant Hernandez has been properly joined pursuant to Federal Rule of Criminal Procedure 8. The Defendant is charged along with his co-defendants with two conspiracies in the Indictment: a conspiracy to possess with the intent to distribute oxycodone and oxymorphone; and a conspiracy to commit healthcare fraud.

Federal Rule of Criminal Procedure 14 provides that "[i]f joinder of offenses or defendants … appears to prejudice a defendant," then "the court may … sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). There is, however, a preference for joint trials so as to promote efficiency and ensure consistency in verdicts among defendants who engaged in related acts stemming from the same overall master scheme. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Generally "persons who are charged together should also be tried together." *United States v. Knowles,* 66 F.3d 1146, 1158 (11th Cir. 1995) (quoting *United States v. Morales,* 868 F.2d 1562, 1571 (11th Cir. 1989)). Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Defendant Hernandez argues that he is entitled to severance for the following reasons:

1) mutually antagonistic defenses; 2) the need for exculpatory testimony of co-defendants; and 3) spillover prejudice. The Court will discuss each of these reasons in turn below.

### Mutually Antagonistic Defenses

In a mostly conclusory fashion, Hernandez claims that his defense will be mutually antagonistic to the anticipated defenses of the other co-defendants. The only specific claim he makes is that "[o]ne of Mr. Hernandez's anticipated arguments at trial is that he never agreed or joined the conspiracy (one of the essential elements of a conspiracy charge). He does not plan to deny the existence of the conspiracy, only that no agreement existed between him and the other co-defendants." Mot. at 10.

A defendant may be entitled to a severance due to antagonistic defenses with his co-defendants, "but to do so the defenses must be irreconcilable and mutually exclusive. In other words, 'the essence of one defendant's defense [must be] contradicted by a co-defendant's defense.'" *United States v. Magdaniel-Mora,* 746 F.2d 715 (11th Cir. 1984) (citations omitted).

Hernandez has failed to even identify the defenses of his co-defendants, let alone explain how their defenses would be antagonistic to his own defense. The Court fails to see how this Defendant's purported defense of denial of participation in a conspiracy could be considered in any way antagonistic to any anticipated defenses of his co-defendants.

### Need for Exculpatory Testimony of Co-Defendants

Where a defendant argues for severance on the ground it will permit exculpatory testimony of a co-defendant, he must show:

> (1) a bona fide need for the testimony;
>
> (2) the substance of the desired testimony;
>
> (3) the exculpatory nature and effect of the desired testimony; and
>
> (4) that the co-defendant would testify at a separate trial.

*United States v. Cobb,* 185 F.3d 1193, 1199 (11th Cir. 1999).

"Even if the defendant makes such a showing, the court must still '(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider the judicial administration and economy; and (4) give weight to the timeliness of the motions.'" *Id.* (citation omitted). The Defendant's Motion here is woefully lacking in any details as to which co-defendant he is referring, the substance of the testimony, the exculpatory nature and effect of the testimony and an assertion that the co-defendant would testify.

**Spillover Prejudice**

Although Hernandez claims that his role was "minor," the Government's evidence against him as set forth in its Response, if proven, would establish a significant participation in both conspiracies by Hernandez. In concluding that Defendant Hernandez has been properly joined – his alleged "minor" role notwithstanding – the Court finds instructive the Eleventh Circuit's recent decision in *United States v. Hill*, 643 F.3d 807, 828 (11th Cir. 2011). In that case, the Court of Appeals held that a non-lead defendant was properly joined, even though two out of the three conspiracies charged did not implicate him and differed as to time, participants, and factual particulars. The Eleventh Circuit explained that the three conspiracies were properly joined because they all related to the lead defendant's "master scheme to defraud lenders through a common plan and design," and "[t]he fact that [the lead defendant] used a different set of actors to perform the three acts of his play did not transform it into three different plays." *Id.* at 829.

As to the issue of potential prejudice, Defendant Hernandez offers no explanation or support for his bald assertion that the jury will be unable to make an individualized determination as to his guilt or innocence. This is insufficient. The burden is on the defendant to show specific and compelling prejudice to his defense, in order to tip the scales towards severance. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). He has not done so here.

In any case, "severance is not automatically required even if prejudice is shown." *Puiatti v. McNeil*, 626 F.3d 1283, 1310 (11th Cir. 2010); *see also Zafiro*, 506 U.S. at 539-40. The Court must balance potential prejudice against the public interest in joint trials and judicial economy. *See Hill*, 643 F.3d at 828. Moreover, "[a] court's limiting instruction to the jury will often cure any prejudice resulting from a joint trial," and "a district court should grant severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Puiatti*, 626 F.3d at 1310.

As the Eleventh Circuit has explained, the key consideration is whether the jury would be able to sift through the evidence and make an individualized determination as to each defendant. As such, the Court must consider:

> whether under all circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Varella*, 692 F.2d 1352, 1360 (11th Cir. 1982).

Applying this test, the Court finds that Defendant Hernandez has failed to establish specific and compelling prejudice justifying severance instead of a joint trial. Defendant Hernandez attempts to minimize his alleged involvement with the conspiracies. But such arguments are for a jury to evaluate in determining guilt or innocence; they do not establish that a joint trial would be prejudicial to a defendant, nor that any jury would be incapable of sorting through the evidence applicable to him vis-à-vis the other co-defendants. *See Hill*, 643 F.3d at 829 ("[E]ven if, as [defendant] asserts, there had been an 'enormous disparity' in the amount of evidence that related to other defendants or charges compared with the evidence that related to him, '[a] defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants.'").

Finally, the Court disagrees that the risk of spill-over is too great. In the first place, Defendant Hernandez is charged as a co-conspirator in the two main conspiracy counts, involving possession with the intent to distribute oxycodone and oxymorphone, and healthcare fraud. Thus, in the Government's case, much of the evidence relevant to other co-defendants is likely to also be relevant to him. Further, to the extent that any evidence is not pertinent to this particular Defendant, an appropriate limiting instruction to the jury can ameliorate any potential prejudice. *Se v. McNeil*, 626 F.3d 1283, 1310 (11th Cir. 2010); *e Puiatti*, 626 F.3d at 1310.

### CONCLUSION:

In sum, the Court finds that Defendant Hernandez has not demonstrated severance is appropriate here. Instead, the Court finds the public's interest in judicial economy and consistent verdicts compels a joint trial in this case. Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant Hernandez' Motion to Sever [ECF No. 441] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida on March 15, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of Record