# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20698-CR-SCOLA

UNITED STATES OF AMERICA

v.

FRANK J. BALLESTEROS, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

THIS MATTER is before the Court on the Motion for New Trial and Request for Evidentiary Hearing (Newly Discovered Evidence) [ECF No. 824], filed by Defendant Frank J. Ballesteros. For the reasons explained below, this Motion is denied.

## Introduction

On April 10, 2012, a jury found Defendant guilty of substantive drug trafficking offenses, as well as conspiracy to possess with intent to distribute oxycodone and oxymorphone and conspiracy to commit health care fraud. Defendant seeks a new trial on the basis of newly discovered evidence, arguing that the Government violated *Brady* and *Giglio* by failing to disclose that Broward Sherriff's Deputy Brent Wooddell, the police officer who stopped Petronella Smith Howard, a cooperating witness, was later charged with official misconduct and grand theft in an unrelated incident.

The officer was not a witness in this case. During the trial, the Government attempted to introduce, through Howard, the narcotics seized by the officer during a traffic stop. The Court did not allow such evidence to come in, however. Thereafter, the Government did not call the officer at trial or otherwise attempt to introduce the evidence. In the course of Howard's testimony, it was revealed that the officer allegedly stole money from her purse.

Defendant argues that the Government should have disclosed the fact of the officer's misconduct and grand theft charges, pursuant to its obligations under *Brady* and *Giglio*. According to Defendant, the officer's misconduct and theft charges are newly discovered evidence for which a new trial is required. He also contends such evidence was impeaching and may have resulted in a not guilty verdict at trial.

## Legal Standards

The decision to grant or deny a criminal defendant's motion for new trial rests with the district court's sound discretion. *See United States v. Rafferty*, 296 F. App'x 788, 796 (11th Cir. 2008). This standard applies whether the motion is based upon newly discovered evidence or the prosecution's alleged violations of *Brady* and *Giglio*. *See United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002); *United States v. Wade*, 399 F. App'x 471, 477 n.7 (11th Cir. 2010).

Federal Rule of Criminal Procedure 33 governs motions for new trial based upon newly discovered evidence. Under Rule 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). To establish grounds for a new trial based upon newly discovered evidence, the defendant must show that: (1) the evidence was discovered following trial; (2) he acted with due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is of such a nature that a new trial would probably produce a different result. *See United States v. DiBernardo*, 880 F.2d 1216, 1224 (11th Cir. 1989).

"A court evaluating a motion for new trial involving *Brady* or *Giglio* violations does not use the Rule 33 standard based on newly discovered evidence." *United States v. Caro*, 2011 WL 4625383, at *5 (S.D. Fla. Oct. 2, 2011) (Lenard, J.). Instead, under *Brady*, the court must determine whether the defendant has shown that: (1) the prosecution possessed favorable evidence to the defendant; (2) the defendant did not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome of the case would have been different. *See Vallejo*, 297 F.3d at 1164.

Under *Giglio*, the focus is on potentially impeaching evidence that the prosecution failed to disclose. "In Giglio, the Supreme Court applied *Brady* to hold that, where the credibility of a witness is at issue, the government is required to disclose evidence bearing on the witness's credibility." *United States v. Lawson*, 368 F. App'x 1, 4 (11th Cir. 2010). The Eleventh Circuit has explained that "[i]mpeachment evidence should be disclosed in time to permit defense counsel to use it effectively in cross-examining the witness." *United States v. Jordan*, 316 F.3d 1215, 1253 (11th Cir. 2003). "The delayed disclosure of [such] evidence compels reversal only when the defendant demonstrates prejudice." *Lawson*, 368 F. App'x at 4. "In the context of the

government's failure to disclose impeachment evidence, a defendant is prejudiced where there is 'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,'" with a "reasonable probability" meaning "'a probability sufficient to undermine confidence in the outcome.'" *Id.* at 5 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Yet, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *See United States v. Agurs*, 427 U.S. 97, 109-10 (1976); *Lawson*, 368 F. App'x at 4.

Finally, whether to grant an evidentiary hearing on a motion for new trial is a matter entrusted to the district court's discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996). "When the resolution of a motion for a new trial is clear, the district court is not required to hold an evidentiary hearing." *United States v. Elso*, 364 F. App'x 595, 599 (11th Cir. 2010). The Eleventh Circuit has explained that "'the acumen gained by a trial judge over the course of the proceedings' makes the same court 'well qualified' to rule on the motion without holding an evidentiary hearing.'" *See id.* (citation omitted).

## **Legal Analysis**

The Court finds that the Defendant is not entitled to a new trial. Defendant's motion is based on the Government's failure to disclose that Deputy Wooddell, the police officer who stopped Howard, was subsequently charged with official misconduct and grand theft in handling an unrelated case. According to Defendant, a new trial is warranted because the fact of the police officer's misconduct is newly discovered impeachment evidence that the Government failed to disclose, pursuant to *Brady* and *Giglio*.

Defendant's argument lacks merit. While the parties spar over whether this evidence qualifies as "newly discovered," the Court need not resolve that issue because, in any event, the Government had no obligation to disclose the evidence. "Under *Giglio*, the Government is required to turn over to a criminal defendant any impeachment evidence that is likely to cast doubt on the reliability of a witness whose testimony may be determinative of guilt or innocence." *United States v. Valdes*, 214 F. App'x 948, 951 (11th Cir. 2007). The fact of the police officer's alleged misconduct, and him being charged with grand theft, is not impeachment evidence because the officer ***was never called as a witness in this case***.

Defendant cites no authority for the proposition that the Government must disclose impeachment evidence about a witness that the Government does not wish to call, and in fact does not call, simply because the Defendant would like to impeach that witness. Plainly, there can be no impeachment of a witness who does not testify at trial. Nor can there be a *Brady* or *Giglio* problem in such circumstances. As the Eleventh Circuit said in rejecting a similar challenge:

> *Giglio* requires the Government to provide impeachment information about testifying witnesses, and the informant did not testify as a witness at trial. The Government's refusal to disclose to [defendant] impeachment evidence regarding its confidential informant did not violate *Giglio*.

*Valdes*, 214 F. App'x at 951 (citations omitted).

Moreover, even if the officer had been called to testify, the Defendant's motion would still fail because defense counsel impeached the officer as a thief, when cross examining Howard. When counsel questioned Howard about the officer's traffic stop, she testified that the officer stole $1,000 from her purse:

> Q. What else did [the officer] take from you?
> A. He took my money.
> Q. He took what?
> A. He took $1,000 out of my purse.
> Q. He took $1,000 out of your purse?
> A. Yes, he did.
> Q. Did you give him permission to take those thousand dollars?
> A. No, I didn't.
> Q. Did he take those thousand dollars against your will?
> A. Yes, he did.
> Q. Was it after he took those thousand dollars that he let you go?
> A. After he took the money, yes. He unhandcuffed me and let me go.

*See* Tr. Trans. (4/5/2012) at 172. This "impeachment" evidence was also drawn out on direct by the Government. *See id.* at 158 ("[The officer] went in my purse. He never asked me could he go in my purse. He went in my purse and he came back out and then he asked me, did I have any money and I said yes. And he went back in my purse and he took $1,000 out of my purse.").

In light of this testimony, the officer's integrity was already impugned. Any further impeachment of the officer (had he testified), based upon his alleged theft and misconduct (in an unrelated matter), would have been merely cumulative. *See United States v. Williams*, 356 F. App'x 359, 361 (11th Cir. 2009) (motion for new trial under *Brady*/*Giglio* properly denied where

"limited impeachment value [of undisclosed evidence] would have been merely cumulative, as [the witness] had already been impeached through cross-examination"); *Lawson*, 368 F. App'x at 5 (no new trial under *Giglio* because "there is no indication" that undisclosed additional details about witness's criminal history and work for the prosecution in other cases "would have added anything to the attack made on his credibility" at trial); *United States v. Valera*, 845 F.2d 923, 928 (11th Cir. 1988) (no *Brady/Giglio* violation because defense's cross examination of witness "illustrated how and why [he] was disposed to cooperate with the government," and "[t]he files and documents requested would have only been cumulative on these points").

Finally, the Court emphasizes that the drug evidence seized from Howard by the officer *never* came into evidence. Presumably, a central point in calling the officer (if he had been called) would have been to establish the chain of custody and authenticate the drug evidence. But since that evidence never came in, it played no role in the jury's determination of guilt. As such, Defendant cannot seriously maintain that the impeachment evidence in any way mattered. In sum, the Defendant has failed to show "'a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Lawson*, 368 F. App'x at 5. This is especially true given the overwhelming evidence supporting Defendant's conviction. *See United States v. D'Antignac*, 628 F.2d 428, 436 (5th Cir. 1980) (rejecting *Brady/Giglio* challenge where "the overwhelming evidence of guilt in this case belies any notion that the discovery material might have created a reasonable doubt").

For these reasons, there is no basis for a new trial here. Also, because the issues underlying Defendant's motion are straightforward, the Court finds a hearing would not be helpful. *See Elso*, 364 F. App'x at 599.

## Conclusion

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant Frank J. Ballesteros's Motion for New Trial [ECF No. 824] is **DENIED**. Defendant's request for an evidentiary hearing is likewise **DENIED**.

**DONE AND ORDERED** in chambers at Miami, Florida on August 24, 2012.

ROBERT N. SCOLA, JR.
**UNITED STATES DISTRICT JUDGE**

*Copies to*: Counsel of Record