UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-20698-CR-SCOLA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

AIMAN IZZEDIN ARYAN,

       Defendant.
                                            /

GLOBAL EXPRESS MONEY ORDERS, INC.,

             Petitioner,
                                            /

PHARMACY ONE, INC.,

             Petitioner,
                                            /

AMERISOURCEBERGEN DRUG CORPORATION, INC.,

             Petitioner,
                                            /

## **FINAL ORDER OF FORFEITURE**

THIS CAUSE COMES before the Court on the United States' agreed motion for entry of a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2 (c)(2) of the Federal Rules of Criminal Procedure, the petition of Global Express Money Order, Inc. (DE # 870), the petition of Pharmacy One, Inc. (DE #886), and the petition of AmerisourceBergen Drug Corporation (DE # 936). The Court has reviewed the United States'

motion and the petitions filed herein, and is otherwise duly advised in the premises. Upon review of the United States' motion and the petitions, upon review of the record in this matter and for good cause shown thereby, the Court finds that:

1. On May 21, 2012, this Court entered a Preliminary Order and Judgment of Forfeiture (DE # 694) (the "Aryan POF"), pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(2)(7), condemning and forfeiting all right, title and interest of defendant **AIMAN IZZEDIN ARYAN** in the following property to the United States of America:

    (a) Approximately $129,070.50 in United States currency seized from Account No. -3994 at Regions Bank, held in the name of RDS Pharmacy Management, Inc. ("RB Acct. # 3994");

    (b) Approximately $181,095.47 in United States currency seized from Account No. -6119 at Regions Bank, held in the name of Izz and Sons ("RB Acct. # 6119");

    (c) Approximately $102,445.83 in United States currency seized from Account No. -0837 at Wells Fargo Bank, held in the name of Izz and Sons, Inc., dba Robert's Drug Store ("WFB Acct. # 0837"); and

    (d) Approximately $1,467,285.71 in United States currency seized from Account No. -6042 at Wells Fargo Bank, held in the name of Pharmacy One, Inc., dba Robert's Drug Store #3 ("WFB Acct. # 6042").

2. Beginning on May 24, 2012, a notice of criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of thirty (30) days, ending on June 22, 2012.

3. The Declaration of Publication of the Notice of Forfeiture was filed with the Clerk

of this Court on July 6, 2012 (DE # 795).

  4.  In addition to the published notice, the United States provided notice of the forfeiture to known potential claimants by certified mail, return receipt requested, as follows:

  (a)  Izz and Sons, Inc.
    Attn.: Izzedin Aryan
    President and Director
    590 W. Flagler Street
    Miami, Florida 33130

  (b)  Izz and Sons, Inc.
    13400 SW 83rd Avenue
    Pinecrest, Florida 33156

  (c)  RDS Pharmacy Management, Inc.
    111 NW 1st Street, No. 2460
    Miami, Florida 33128

  (d)  RDS Pharmacy Management, Inc.
    Attn.: Any Officer or Director
    590 W. Flagler Street
    Miami, Florida 33130

  (e)  Pharmacy One, Inc.
    13400 SW 83rd Avenue
    Pinecrest, Florida 33156

  (f)  AmerisourceBergen Drug Corporation
    c/o: Berger Singerman, Attorneys at Law
    Attn.: James C. Cunningham, Jr., Esq.
    200 S. Biscayne Blvd., Suite 1000
    Miami, FL 33131

  (g)  Global Express Money Orders, Inc.
    c/o Ober Kaler, Attorneys at Law
    Attn: Jeffrey S. Greenberg, Esquire
    100 Light Street
    Baltimore, Maryland 21202

  (h)  Ashmed Yasar Al Asali
    5518 SW 162nd Place
    Miami, Florida 33185

(i) Izzedin A. Aryan
13400 SW 83rd Avenue
Pinecrest, Florida 33156

(j) Inam Aryan
13400 SW 83rd Avenue
Pinecrest, Florida 33156

(k) Eman Mohammed Aryan
13400 SW 83rd Avenue
Pinecrest, Florida 33156

(l) Basel A. Asali
15481 SW 11th Terrace
Miami, Florida 33196

5. All persons known to the United States to have a legal interest in the property ordered forfeited have thereby been notified in accordance with Title 21, United States Code, Section 853(n)(1).

6. The published and direct written notices advised potential claimants of the right to petition the court for a hearing to adjudicate the validity of the claimed interest, if any, in the forfeited property.

7. Under the provisions of Title 21, United States Code, Section 853(n)(2), a person claiming an interest in the property at issue must file a petition with the Court, within thirty (30) days of the last date of publication of notice or receipt of actual notice, whichever is earlier.

8. Timely claims were filed herein as follows:

(i) On August 7, 2012, pursuant to Title 21, United States Coed, Section 853(n), Petitioner Global Express Money Orders, Inc. ("Global Express") filed its Petition for Order Declaring Right, Title and Interest of Petitioner in $24,436.08 of Seized Funds Superior to the United States and Directing Release of Said Property to Petitioner (DE # 870). In its petition, Global Express asserted a legal interest, superior to that of the United States, in $24,436.08 of the

$181,095.47 seized from RB Acct. # 6119. Global Express asked the Court to amend the Aryan POF to recognize its interest. S*ee* DE # 870.

   (ii) On August 7, 2012, Pharmacy One, Inc. d/b/a Robert's Drug Store #3 ("Pharmacy One") filed its Petition Pursuant to 21 USC 853(n) To Amend the Court's Preliminary Order and Judgment of Forfeiture (DE # 886). In its petition, Pharmacy One asserted a superior legal interest in all funds, totaling $1,467,285.71, seized from WFB Acct. # 6042. Pharmacy One asked the Court to amend the Aryan POF to allow Pharmacy One to reclaim title to the funds seized from Acct. # 6042. S*ee* DE # 886.

   (iii) On August 16, 2012, pursuant to Title 21, United States Code, Section 853, AmerisourceBergen Drug Corporation ("AmerisourceBergen") filed its Verified Petition for Ancillary Hearing in Support of Forfeiture Claim (DE # 936). In its petition, AmerisourceBergen asserted a priority, legal interest in all funds seized from the four accounts noted above. AmerisourceBergen asked the Court for a hearing to adjudicate the validity of its interest in the forfeited property, and to amend the Aryan POF to satisfy its security interest in each of the noted bank accounts. S*ee* DE # 936.

9. The time period for filing petitions has expired.

10. Except as noted above, no other third party has filed a petition for an ancillary hearing and the Court is not aware of any other parties having any interest in the property ordered forfeited by the Preliminary Order of Forfeiture identified herein above.

11. On September 15, 2012, Pharmacy One filed a Notice of Withdrawal of [Its] Petition. *See* DE # 1024. In light of Pharmacy One's withdrawal of its petition, the United States has asked that Pharmacy One's petition be denied as moot.

12. On December 5, 2012, the United States and AmerisourceBergen entered into a

Settlement Agreement, which is incorporated herein by reference, which resolves AmerisourceBergen's asserted interest in the subject funds. Pursuant to the Settlement Agreement between the United States and AmerisourceBergen, $400,000.00 of the funds seized from WFB Acct. # 6042 is to be released to AmerisourceBergen, or its authorized representative, in full and complete satisfaction of AmerisourceBergen's claim. *See* "Settlement Agreement Regarding Petition of AmerisourceBergen Drug Corporation," filed on December 6, 2012, at DE # 1100.

13. On December 5, 2012, the United States and Global Express entered into a Settlement Agreement, which is incorporated herein by reference, which resolves Global Express' asserted interest in the funds seized from RB Acct. # 6119. Pursuant to the Settlement Agreement between the United States and Global Express, $21,826.44 of the funds seized from RB Acct. # 6119 is to be released to Global Express, or its authorized representative, in full and complete satisfaction of Global Express' claim. *See* "Settlement and Hold Harmless Agreement Regarding Petition of Global Express Money Order, Inc.," filed on December 5, 2012, at DE # 1101.

14. Pursuant to the terms of the two settlement agreements, the remainder of the seized funds is to be forfeited to the United States.

15. Pursuant to Title 21, United States Code, Section 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), the United States has requested that the Court enter a Final Order of Forfeiture to amend the Aryan Preliminary Order of Forfeiture consistent with the terms of the two settlement agreements filed herein.

**ACCORDINGLY**, pursuant to Title 21, United States Code, Section 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), and for good cause shown, it is hereby:

**ORDERED AND ADJUDGED** as follows:

(A) The petition of Pharmacy One, Inc., filed on August 7, 2012 (DE # 886), is hereby **DENIED** as moot.

(B) The Settlement Agreement Regarding Petition of AmerisourceBergen Drug Corporation (DE # 936), between the United States and AmerisourceBergen, is hereby approved, adopted and incorporated herein by reference.

(C) The Settlement and Hold Harmless Agreement Regarding Petition of Global Express Money Order, Inc. (DE # 870, between the Unites States and Global Express, is hereby approved, adopted and incorporated herein by reference.

(D) Pursuant to the terms of the Settlement Agreement between the United States and AmerisourceBergen, the United States shall release to AmerisourceBergen Drug Corporation, or its authorized representative, as soon as practicable, $400,000.00 (U.S.) of the funds seized from WFB Acct. # 6042, in full and complete satisfaction of AmerisourceBergen's petition filed and claim asserted herein.

(E) Pursuant to the terms of the Settlement Agreement between the United States and Global Express, the United States shall release to Global Express Money Orders, Inc., or its authorized representative, as soon as practicable, $21,826.44 (U.S.) of the funds seized from RB Acct. # 6119, in full and complete satisfaction of Global Express' petition filed and claim asserted herein.

(F) All right, title, claim and interest in the remaining funds, as noted below, are condemned, forfeited to and clear title vested in the United States of America:

> **(i) $129,070.50 in United States currency seized from Account No. -3994 at Regions Bank, held in the name of RDS Pharmacy Management, Inc.;**

- (ii) **the remaining funds, in the amount of $159,269.03 in United States currency, seized from Account No. -6119 at Regions Bank, held in the name of Izz and Sons;**

- (iii) **$102,445.83 in United States currency seized from Account No. -0837 at Wells Fargo Bank, held in the name of Izz and Sons, Inc., dba Robert's Drug Store; and**

- (iv) **the remaining funds, in the amount of $1,067,285.71 in United States currency, seized from Account No. -6042 at Wells Fargo Bank, held in the name of Pharmacy One, Inc., dba Robert's Drug Store #3.**

(G) Except as noted in the Settlement Agreement between the United States and Global Express, each party shall bear its own costs, expenses and attorneys' fees incurred in connection with this action.

(H) The Court hereby retains jurisdiction to enforce the terms and conditions of the two settlement agreements.

It is further **ORDERED** that the United States Marshals Service, the Drug Enforcement Administration, or any other duly authorized law enforcement official, shall dispose of the forfeited property in accordance with the law.

**DONE AND ORDERED** in Chamber, at Miami, Miami-Dade County, Florida, on December 19, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE